IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01055-WJM-KLM

JOHN L. MCNEES,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, a Delaware limited liability corporation, and
DOES 1 through 100, inclusive,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Ocwen Loan Servicing, LLC's **Motion

to Dismiss** [#15][1] (the "Motion to Dismiss"), and on Plaintiff's **Motion for Preliminary

Injunction, for Expedited Consideration, or for a Temporary Restraining Order** [#11]

(the "Motion for Injunctive Relief").  Plaintiff, who proceeds as a pro se litigant,[2] filed a

Response in opposition to the Motion to Dismiss [#19], and Defendants filed a Reply [#21].

Defendant filed a Response [#16] to the Motion for Injunctive Relief, to which Plaintiff did

---

[1] [#15] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Recommendation.

[2] The Court must construe the filings of pro se litigants liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

not reply.[3]  Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motions have

been referred to the undersigned for a recommendation regarding disposition. *See Order*

*Referring Case* [#14, #17].  The Court has reviewed the Motions, Responses, Reply, the

entire docket, and the applicable law, and is sufficiently advised in the premises.  For the

reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion to Dismiss

[#15] be **GRANTED**, and that the Motion for Injunctive Relief [#11] be **DENIED**.

## I.  Background[4]

Plaintiff initiated this action by the filing of the Complaint [#1][5] on May 9, 2016.  His

---

[3] The Court notes, however, that Plaintiff filed a Memorandum [#12] and a Declaration [#13] in support of his Motion for Injunctive Relief [#11].  The Court has reviewed and considered those filings as well.

[4]  For the purposes of resolving the Motions, the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *See Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Defendant offered five exhibits in support of its Motion to Dismiss [#15].  Plaintiff does not dispute the authenticity of any of these exhibits in and of themselves. The Court has examined the documents submitted by the parties and has determined that each of the documents cited herein may appropriately be considered by the Court in making its Recommendation on the pending Motion to Dismiss [#15].

[5]  The original Complaint [#1] was filed on May 9, 2016.  It came to the Court's attention on December 15, 2016, that the Complaint was unsigned.  The Court ordered Plaintiff to file a signed copy on or before December 30, 2016, and further ordered that Plaintiff file a motion for leave to amend if he wished to make any changes to the Complaint. *Minute Order* [#22].  On December 27, 2016, Plaintiff filed a signed copy of the Complaint that did not contain any changes. *See Complaint* [#23].  Because the content of the signed Complaint [#23] is identical to the original

claims pertain to a foreclosure of the mortgage loan secured by Plaintiff's property at 12510 Newton Street, Broomfield, Colorado 80020. *Compl.* [#23] ¶ 3. Plaintiff's application for a mortgage loan was originally approved by Town and Country Credit Corporation. *Id.* ¶ 5. The servicing rights to the mortgage loan were transferred to a series of servicers until they were ultimately transferred on or around March 11, 2013, to Defendant. *Id.* ¶ 7. Non-party Deutsche Bank National Trust Company ("Deutsche Bank") is the holder of the Note that evidences the loan. *Statement by Attorney for Qualified Holder* [#15-2].

Plaintiff alleges that Defendant's agent, Stephanie Boles ("Boles"), "repeatedly assured Plaintiff that [Defendant] was ceasing any foreclosure activity in relation to the Subject Property while Plaintiff sought workout options." *Id.* ¶ 9. However, on or around December 9, 2015, Plaintiff's property was foreclosed on.[6] *Id.*

Plaintiff alleges that Defendant failed to comply with its statutory obligations to: (1) mail Plaintiff a notice with the phone number for the state foreclosure hotline and the loss mitigation department, (2) personally serve or post a deferment notice, (3) serve a "notice of sale" and "right to cure and redeem," (4) publish the notice of sale in the newspaper, (5) respond to Plaintiff's "qualified written response" ("QWR") regarding the loan, and (6) provide documentation detailing the changes of ownership of the loan and demonstrating Defendant's ability to foreclose on the property. *Id.* ¶ 10-16. Plaintiff also alleges that

---

Complaint [#1], the Court refers to Docket No. 23 as the operative Complaint, and considers the Motion to Dismiss [#15], in the interest of expedience.

[6] Plaintiff states throughout his Motions that his property was foreclosed on by Defendant. However, Defendant attached several documents to the Motion to Dismiss that demonstrate that Deutsche Bank is the true holder of the Note and was the entity that foreclosed on Plaintiff's property. *See, e.g.*, *Statement by Attorney for Qualified Holder* [#15-2]; *Order Authorizing Sale* [#15-3].

Defendant's foreclosing agent, Barrett Frappier & Weisserman LLP ("BFW") failed to provide copies of foreclosure documents pertaining to the sale of the property after Plaintiff made "numerous requests." *Id.* ¶¶ 10-16.

Plaintiff raises the following claims based on his allegations: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), (2) violation of the Federal Trade Commission ("FTC") Act, (3) violation of Colorado's wrongful foreclosure laws, (4) quiet title, and (5) fraud.

Plaintiff seeks the following relief: a halt of "any foreclosure and/or eviction activity"; that judgment enter in favor of Plaintiff; an award of the equivalent of attorney's fees and costs to Plaintiff; special damages to account for severe emotional distress; punitive damages for Defendant's "willful, malicious, and wanton behavior"; and any other relief "the Court deems just and proper." *Compl.* [#23] at 10-11. Defendant seeks dismissal of all claims pursuant to Rule 12(b)(6). *See generally Motion to Dismiss* [#15].

## II.  Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a

complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## III.  Analysis

A.      **RESPA Claim**

RESPA provides that a borrower or his agent may submit a QWR to his loan servicer to request information relating to the servicing of the loan.  12 U.S.C. § 2605(e)(1).  In turn, "the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days" and then make the requested corrections, or conduct an investigation and provide an explanation, within 30 days after receipt of the QWR.  §§ 2605(e)(1)(A), (e)(2).  If the servicer fails to comply with its statutory obligations, the borrower can be entitled to actual damages caused by the failure, as well as additional damages if there is a "pattern or practice of noncompliance with the requirements" of RESPA.  § 2605(f)(1).  Loan servicers have designated addresses "for receipt and handling of QWRs."  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1149 (10th Cir. 2013).  Written correspondence does not constitute a QWR unless sent to the correct address.  *Id.* ("Failure to send the QWR to the designated address 'for receipt and handling of [QWRs]' does not trigger the servicer's duties under RESPA.").

Plaintiff alleges that he "sent a written correspondence to [Defendant's] agent, BFW, constituting a 'qualified written response' requesting pertinent documents pertaining to the Loan," and that "BFW[ ] has not responded to Plaintiff's[ ] qualified written request." *Compl.* [#23] ¶¶ 14-15.  Defendant argues that because Plaintiff did not send the letter to Defendant, but rather to Defendant's agent, the letter cannot be a QWR and his RESPA claim therefore fails.  In Plaintiff's Response to the Motion to Dismiss, he states the following:

> In essence, [Defendant] attempts to argue that it did not receive Plaintiff's qualified written request because the communication was sent to its attorney. The Court should see the absurdity in this argument since a communication to one's attorney is essentially a communication to the intended party.

*Response* [#19] at 4.  Plaintiff's argument lacks merit.  Plaintiff does not allege that he sent

the letter to Defendant's designated QWR address, and does not even allege that he sent

the letter to Defendant.  *See Berneike*,   708 F.3d at 1149 (concluding that plaintiff's

correspondence did not trigger the QWR duty to respond, where plaintiff mailed the letter

to the defendant, but admitted she did not mail her address to the designated QWR

address).  Even taking Plaintiff's allegations as true, he has not sufficiently stated a RESPA

claim.

      Therefore, the Court respectfully **recommends** that Plaintiff's RESPA claim be

**dismissed with prejudice**.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219

(10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state

a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## B.   FTC Act Claim

      Defendant argues that Plaintiff does not have standing to bring his FTC claim

because there is no private right of action under the FTC Act.  *Motion to Dismiss* [#15] at

7.  Section 5 of the FTC Act prohibits "[u]nfair methods of competition in or affecting

commerce, and unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C.

§ 45(a).  The FTC Act empowers the Federal Trade Commission alone to enforce the

prohibition.  15 U.S.C. § 45(b).  "[P]rivate litigants cannot invoke the jurisdiction of the

district courts by alleging violations of business practices proscribed by 15 U.S.C.A. §

45(a)(1)."  *Baum v. Great Western Cities, Inc., of New Mexico*, 703 F.2d 1197, 1209 (10th

Cir. 1983).  Accordingly, there is no private right of action under the FTC Act and Plaintiff's

claim fails.  *See Olds v. Bank of Am., N.A.*, 573 F. App'x 710, 711 (10th Cir. 2014) ("The

district court correctly ruled that there is no private right of action under the FTC Act.").

Plaintiff adds that even if his claim under the FTC Act fails, "the Court should recognize that the State of Colorado has passed its own consumer protection statutes that essentially mirror the FTCA." *See Response* [#19] at 6.  Plaintiff has not directed the Court to any relevant authority in support of this statement.  Even considering Plaintiff's pro se status, it is not the role of the Court to act as his advocate, nor should the Court "construct a legal theory on [his] behalf." *See Whitney*, 113 F.3d at 1173-74 (citing *Hall*, 935 F.2d at 1110).

Therefore, the Court respectfully **recommends** that Plaintiff's FTC Act claim be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.  To the extent that Plaintiff attempts to raise a claim under Colorado consumer protections statutes, the Court **recommends** that his claim be **dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

**C.     Claims Pursuant to Colo. Rev. Stat. §§ 38–38– 802, 38–38–102.5, and 38–38–103**[7]

Plaintiff alleges that Defendant violated several Colorado statutes.  Defendant seeks to dismiss these claims because it asserts that (1) Colorado does not recognize a claim for damages based on wrongful foreclosure, and (2) the Broomfriend County Public Trustee's Confirmation Deed refutes Plaintiff's argument that the foreclosure violated the statutes.

---

[7] Although Deutsche Bank was the entity that foreclosed on Plaintiff's property, Plaintiff's claims are asserted against Defendant.  Defendant responds to the arguments nonetheless, presumably due to Plaintiff's pro se status, and the Court considers them on the merits as well.

*Motion to Dismiss* [#15] at 8-9; *see also Confirmation Deed* [#15-1]. In Plaintiff's Response,

he repeats the facts alleged in the Complaint, and then states that "Ocwen attempts to

mischaracterize Plaintiff's claim as a 'wrongful foreclosure' claim," which is a "category that

Plaintiff did not intend." *Response* [#19] at 7.  It is unclear what type of claim Plaintiff is

pursuing then, if not wrongful foreclosure.  The statutes cited by Plaintiff, §§ 38–38–802,

38–38–102.5, and 38–38–103, provide no remedy for alleged violations, nor has Plaintiff

directed the Court to any authority stating the legal basis for claims relating to alleged

violations that do not fall under the umbrella of "wrongful foreclosure."

Plaintiff has not challenged the authenticity of the copy of the Broomfield County

Public Trustee's Confirmation Deed to which Defendant refers.  The Confirmation Deed

states that the Broomfield County Public Trustee reviewed the foreclosure and confirmed

that:

> the said property was advertised for public sale at the place and in the
> manner provided by law and by said deed of trust; combined notice of sale
> and right to cure and redeem was given as required by law; said property
> was sold according to said combined notice . . .

[#15-1].  Thus, it appears that the foreclosing entity was in compliance with Colorado's

statutory duties.  Colo. Rev. Stat. § 38–38–504 (2008) ("Any deed executed by an officer

or other official under this article shall be prima facie evidence of compliance with all

statutory requirements for the sale and execution of the deed and evidence of the truth of

the recitals contained in the deed.").

Accordingly, the Court **recommends** that Plaintiff's claims pursuant to Colo. Rev.

Stat. §§ 38–38–802, 38–38–102.5, and 38–38–103 be **dismissed with prejudice**.  *See*

*Brereton*, 434 F.3d at 1219.

**D.     Quiet Title**

Plaintiff alleges that Defendant lacks a legal right to foreclose on the property and "seeks a determination of a fee simple title with respect to the Subject Property as of the date on which this claim was filed."[8] *Compl.* [#23] ¶¶ 46, 43.  Defendant moves to dismiss this claim on the grounds that Deutsche Bank had standing to foreclose on the property because it was the holder of the original Note at the relevant times, which was confirmed by the Broomfield County District Court's determination that Deutsche Bank had standing to foreclose on the property.  *Motion to Dismiss* [#15] at 9-11.

Colorado foreclosure law allows a holder of evidence of a debt to foreclose upon breach of the terms of the deed of trust.  Under Colorado law, a promissory note is a negotiable instrument that is freely assignable, Colo. Rev. Stat. § 4–3–104, and if an instrument is payable to the bearer, it may be negotiated to a holder by transfer of possession alone, Colo. Rev. Stat. § 4–3–201(b).  The term "holder" includes a "person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank."  Colo. Rev. Stat. § 38–38–100.3(10)(c). In order to properly foreclose on a property, the holder of an evidence of debt must file:

> The original evidence of debt . . . together with the original indorsement or assignment thereof, if any, to the holder . . . or, in lieu of the original evidence of debt . . . a statement signed by the attorney for such holder, citing the paragraph of section 38–38–100.3(20) under which the holder claims to be a qualified holder and certifying or stating that the copy of the evidence of debt is true and correct.

Colo. Rev. Stat. § 38–38–101(1)(b), (1)(b)(II).

---

[8]  As noted above, Deutsche Bank – not Defendant – is the entity that foreclosed on Plaintiff's property.  However, given that Plaintiff is pro se, the Court nonetheless considers his quiet title claim based on his allegations.

Plaintiff argues that Defendant "was not a party to the note and deed of trust executed by Plaintiff in 2003," that Plaintiff has not been advised of any transfers concerning the alleged beneficiary of the Note, and that "[t]here is no identifiable and lawful beneficiary to whom indorsements of the note attributed to the Loan have been made." *Compl.* [#23] ¶¶ 38-40.

Defendant states that its counsel "is currently in possession of the original Note which bears a blank indorsement," of which a copy was attached to the Motion to Dismiss. *See Motion to Dismiss* [#15] at 11; *Note* [#15-4]. Defendant has also provided a notarized "Statement by Attorney for Qualified Holder" indicating that Deutsche Bank was a qualified holder of the Note pursuant to § 38–38–101. *Statement by Attorney for Qualified Holder* [#15-2]. A plain reading of these documents demonstrates that Deutsch Bank is the holder of the Note, by virtue of its possession of the Note and the blank indorsement. *See id.*; *Note* [#15-4]. Under Colorado law, a party need not prove how it was in possession of a promissory note to enforce it, and can establish standing to foreclose simply by complying with the requirements of Colo. Rev. Stat § 38–38–101(1)(b)(II). *Mbaku v. Bank of Am.*, No. 12-CV-00190-PAB-KLM, 2014 WL 4099313, at \*7 (D. Colo. Aug. 20, 2014) (noting that, under Colorado law, "physical possession of a promissory note endorsed in blank is itself sufficient to establish a right to enforcement") (citing *In re Miller*, 666 F.3d 1255, 1263 (10th Cir. 2012)). Therefore, the Court concludes that Defendant is the holder of the Note and had standing to foreclose on the property, and Plaintiff's quiet title claim fails as a matter of law. *See Rader v. Citibank, N.A.*, No. 14-cv-00784-CMA-BNB, 2014 WL 5152357, at \*4 (D. Colo. Oct. 14, 2014), aff'd, 616 F. App'x 383 (10th Cir. 2015) (holding that the plaintiffs' claims for declaratory relief and to quiet title failed as a matter of law because defendants

demonstrated that they had standing to foreclose on the property).

Accordingly, the Court respectfully **recommends** that Plaintiff's quiet title claim be

**dismissed with prejudice**.  *See Brereton*, 434 F.3d at 1219.

**E.     Fraud**

Plaintiff's fraud claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and

(9)(b).   To state a claim of fraud under Colorado law, Plaintiff must allege: "(1) a false

representation of a material existing fact; (2) knowledge on the part of the one making the

representation that it is false; (3) ignorance on the part of the one to whom the

representation is made of falsity; (4) representation made with intention that it be acted

upon; [and] (5) representation resulting in damages."  *Navigators Specialty Ins. Co. v.*

*Beltman*, No. 11-cv-00715-RPM, 2012 WL 5378750, at *6 (D. Colo. Nov. 1, 2012) (quoting

*Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987)).  Further, pursuant to Fed. R. Civ. P.

9(b), "the circumstances constituting fraud or mistake shall be stated with particularity."

Fed. R. Civ. P. 9(b).   A plaintiff must "set forth the time, place, and contents of the false

representation, the identity of the party making the false statements and the consequences

thereof."  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472

F.3d 702, 727 (10th Cir. 2006) (citations omitted).

Plaintiff alleges that Defendant made "misrepresentations . . . through its employees

and agents . . . whose identities and specific capacities will be established by the discovery

to be conducted in this case."  *Compl.* [#23] ¶ 51.  The one specific misrepresentation

Plaintiff alleges is that Defendant's agent, Ms. Boles, "repeatedly assured Plaintiff that

[Defendant] was ceasing any foreclosure activity" between October 2015 and December

9, 2015, while Defendant continued with foreclosure proceedings. *Id.* ¶ 52.

Plaintiff fails to sufficiently allege any of the legal elements quoted above as to Defendant's "employees and agents." While Plaintiff provides more detail with regard to Ms. Boles, his allegations are still lacking as to when and how the misrepresentations were made, and precisely what Ms. Boles said.[9] Most importantly, Plaintiff has not sufficiently pled the elements of fraud because he has not alleged that Ms. Boles *knowingly* made a false representation. As a result, Plaintiff's fraud claim should be dismissed pursuant to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). Although Plaintiff alleges that certain actions by Defendant may have been unfair, he has not sufficiently described how these actions were fraudulent.

Accordingly, the Court **recommends** that Plaintiff's fraud claim against Defendant be **dismissed without prejudice**. *See Reynoldson*, 907 F.2d at 127.

### F.  "Doe" Defendants

"[P]ursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) ("*Culp I*"), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) ("*Culp II*"). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3

---

[9] Defendant points out that Plaintiff's claim may be barred by the Credit Agreement Statute of Frauds because Plaintiff has not alleged that the misrepresentations were made *in writing*. *Motion to Dismiss* [#15] at 14-16. Plaintiff responds that he has "received both written and oral communications from [Defendant] indicating that it was ceasing foreclosure activity," but has not explained further. *Response* [#19] at 9. The Court does not reach this argument here, but notes that Plaintiff has not specified the manner of his communications with Ms. Boles.

(quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).

Plaintiff has named "Does 1 through 100" as Defendants.  However, the Court need not engage in an analysis of the sufficiency of the allegations against the Doe Defendants because Plaintiff's allegations against the Doe Defendants rely on the same underlying factual allegations asserted against the named Defendant.  As established above, Plaintiff has failed to adequately state any legal claim for relief.  Accordingly, the Court **recommends** that Plaintiff's claims against Does 1 through 100 be **dismissed without prejudice**. *See Culp II*, 456 F. App'x at 720 (affirming dismissal of claims against John Doe defendants).

## G.    Request for Leave to Amend

Plaintiff's Response states that if the Motion to Dismiss is granted, he should be given leave to amend the Complaint because "permitting Plaintiff to amend his Complaint would not be futile, as Plaintiff is easily capable of amending his Complaint to remedy any deficiencies identified by the Court." *Response* [#19] at 9-10.  Defendant did not respond to this request in its Reply.

A request for leave to amend must be accompanied by a proposed amended pleading. *See, e.g.*, *Birman v. Berkebile*, No. 14-cv-00376-KLM, 2014 WL 4783611, at *2 (D. Colo. Sept. 25, 2014).  However, given that Plaintiff is pro se, the Court **recommends** that he be **granted** leave to amend the Complaint [#23] as to his claims that the Court recommends dismissing without prejudice:  (1) Any claim arising pursuant to Colorado consumer protections statutes, to the extent that Plaintiff raises it; and  (2) Fraud.

If Plaintiff chooses to file a motion for leave to amend the Complaint, the motion

must comply with Fed. R. Civ. P. 11(a), and Plaintiff must attach a proposed amended complaint that complies with D.C.COLO.LCivR 15.1(b).

## H.     Plaintiff's Motion for Injunctive Relief [#11]

Plaintiff seeks a "preliminary injunction, or in the alternative, [ ] a temporary restraining order"[10] to prevent Defendant "from conducting any foreclosure sales," "claiming or taking possession" of the property, or "transferring title" pertaining to the property. *Motion for Injunctive Relief* [#11] at 1.   He also seeks an expedited briefing schedule pertaining to the preliminary injunction.   Defendant responds that Plaintiff's Motion for Injunctive Relief should be denied because Plaintiff "cannot show a likelihood of success on any of his claims for wrongful foreclosure."  *Response to Motion for Injunctive Relief* [#16] at 2.

A claim for injunctive relief must be supported by a cause of action.  *Frank v. Wells Fargo Bank, N.A.*, No. 15-cv-02646-RBJ, 2016 WL 6212524, at *9 (D. Colo. Oct. 11, 2016). Because the Court herein recommends dismissal of the Complaint [#23] and the Motion for Injunctive Relief is based on the same arguments as the Complaint, the Court concludes that the Plaintiff has failed to identify a cause of action upon which injunctive relief could be granted.   *See id.*   Additionally, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (listing elements that must be met in order to warrant

---

[10] "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)).  Thus, the Court does not separately address Plaintiff's request for a temporary restraining order.

entry of a preliminary injunction).  Accordingly, the Court **recommends** that the Motion for Injunctive Relief [#11] be **denied**.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#15] be **GRANTED** and that the Complaint [#23] be **DISMISSED as outlined below**. However, the Court further **RECOMMENDS** that Plaintiff be **GRANTED LEAVE TO AMEND** the Complaint [#23] as to the following claims:  (1) Any claim arising pursuant to Colorado consumer protection statutes, to the extent that Plaintiff raises it; and (2) Fraud.

The Court further **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief [#11] be **DENIED**.

If this Recommendation is accepted, the following claims will be **dismissed with prejudice**:  (1) RESPA; (2) FTC Act; (3) Claims pursuant to Colo. Rev. Stat. §§ 38–38–802, 38–38–102.5, and 38–38–103; and (4) Quiet title.

If this Recommendation is accepted, the following claims will be **dismissed without prejudice**:  (1) Any claim arising pursuant to Colorado consumer protection statutes, to the extent that Plaintiff raises it; and (2) Fraud.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).


Dated:  February 16, 2017


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge