IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01055-WJM-KLM

JOHN L. MCNEES,

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, a Delaware limited liability corporation, and
DOES 1 through 100, inclusive,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion to Amend** [#35][1] (the "Motion").

Defendant Ocwen Loan Servicing, LLC ("Defendant") filed a Response [#40] in opposition

to the Motion on December 8, 2017, and Plaintiff, who proceeds as a pro se litigant, filed

a Reply [#41] on December 22, 2017.  The Court has reviewed the Motion, Response,

Reply, the case file, and the applicable law, and is fully advised in the premises.  For the

reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#35] be

**GRANTED in part** and **DENIED in part**.

## I. Background

      Plaintiff initiated this action by filing the Complaint [#1] on May 9, 2016.  His claims

pertain to a foreclosure of a mortgage loan secured by Plaintiff's property at 12510 Newton

_____

[1] [#35] is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the court's case management and electronic case filing system
(CM/ECF).  The Court uses this convention throughout this Recommendation.

Street, Broomfield, Colorado 80020.  *Compl.* [#1] ¶ 3.  Defendant filed a Motion to Dismiss [#15] on June 15, 2016.  On March 15, 2017, the District Judge entered an Order [#29] granting Defendant's Motion to Dismiss [#15], yet also granted Plaintiff leave to amend his complaint.  *Order* [#29] at 2.  Plaintiff's First Amended Complaint [#28] was accepted for filing on the same date.  *Order* [#30].  Then, Defendant filed another Motion to Dismiss [#31], which remains pending.  Plaintiff filed the present Motion [#35] on November 8, 2017.

Plaintiff represents that he filed this Motion because he recently became aware of new claims against Defendant.  *Motion* [#35] at 2.  Defendant, however, argues that Plaintiff's proposed Second Amended Complaint [#35] should not be accepted for filing because: (1) Plaintiff acted with undue delay by waiting almost seven months before filing his Motion while offering no explanation why the delay is warranted; (2) Plaintiff failed to confer with the undersigned defense counsel and failed to attach a properly formatted amended pleading, making his Motion procedurally defective pursuant to D.C.COLO.LCivR 7.1(a) and D.C.COLO.LCivR 15.1(b); and (3) Plaintiff's added claims are subject to dismissal and therefore futile.  *Response* [#40] at 3-10.

## II. Analysis

The Court has discretion to grant a party leave to amend its pleadings.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, leave should be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile.  *Foman*, 371 U.S. at 182.

The Court must construe the filings of a pro se litigant liberally.  *See Haines v.*

*Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

## A.    Undue Delay and Procedural Deficiencies

First, the Court considers whether Plaintiff acted with undue delay. "In determining whether a motion to amend is unduly delayed, the Court generally looks to the Scheduling Order." *Penterra Energy Partners, LLC v. McMahon Energy Partners, LP*, No. 13-cv-00261-WYD-MEH, 2013 WL 3242834, at *1 (D. Colo. June 25, 2013). Here, no Scheduling Order is in place, so a deadline to amend pleadings is not currently set. Therefore, although several months have passed since Plaintiff's First Amended Complaint [#28] was filed, the Court finds that the Motion [#35] is timely and that Plaintiff has not acted with undue delay.

Next, the Court addresses Defendant's argument that the Court should deny the Motion [#35]  for procedural deficiencies pursuant to D.C.COLO.LCivR 7.1(a) and D.C.COLO.LCivR 15.1(b). *Response* [#40] at 5. Specifically, Defendant argues that in the absence of a redlined amended complaint it "has been forced to expend additional resources to respond to the Motion." *Response* [#40] at 4. Taking into consideration Plaintiff's pro se status, the duration of this matter, and the interest of efficiency, the Court concludes that Defendant's argument is unpersuasive. *See Hall*, 935 F.2d at 1110. In

particular, although Plaintiff may not have conferred with Defendant about his request to file an amended complaint, Defendant has had an opportunity to respond. Additionally, the Court recognizes that Defendant may have expended additional resources in the absence of a redline version, but requiring Plaintiff to re-file a new motion to amend the pleadings with attachments now would necessitate that more resources be expended in order for the parties to re-brief the issues. Thus, the Court is not inclined to require a redline version of Plaintiff's proposed Second Amended Complaint at this point, as doing so would be inefficient and cause further delay.

**B.    Futility**

Next, the Court addresses Defendant's futility argument. Defendant argues that Plaintiff's new and existing claims are futile because they would not survive dismissal. *Response* [#40] at 4-7. An amendment is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (quotations omitted).

### 1. Colorado Consumer Protection Act Claim

Plaintiff, in his proposed Second Amended Complaint [#35], adds a new claim

alleging that Defendant made misrepresentations and deceptive omissions, which violate the Colorado Consumer Protection Act ("CCPA"). *Motion* [#35] at 9-12. There are five elements a plaintiff must show to prove a viable cause of action under the CCPA: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). Courts require a plaintiff to properly establish all five elements to properly state a cause of action under the CCPA. *Id.*

Plaintiff argues that he should be allowed to amend his Amended Complaint to include a CCPA claim because Defendant misrepresented services and fabricated mortgage fees regarding Plaintiff's loan. *Motion* [#35] at 9-12. Plaintiff argues that such misrepresentations violate the CCPA. *Id.* at 9. Defendant contends that Plaintiff, in his proposed Second Amended Complaint, fails to sufficiently plead two elements of a CCPA claim: (1) that Defendant knowingly made false representations; and (2) that Defendant's misrepresentations and deceptive practices significantly impacted the public. *Response* [#40] at 4-5.

The Court first addresses Defendant's argument that Plaintiff fails to sufficiently allege that Defendant's misrepresentations and deceptive trade practices impacted the general public. To determine whether there is a significant impact on the general public, the Court considers: "(1) the number of consumers directly affected by the challenged

practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino*, 62 P.3d at 149.

Defendant argues that Plaintiff has "not alleged that any supposed deceptive trade practices impacted other borrowers or are likely to do so in the future," asserting that "[Defendant's] alleged practices were directed to [Plaintiff] alone in relation to his private loan and his private property." *Response* [#40] at 6. As such, Defendant argues that Plaintiff's CCPA claim is merely a private dispute and therefore does not sufficiently allege an impact on the general public. *Id.* In his proposed Second Amended Complaint [#35], Plaintiff alleges that he "recently discovered that Defendant had been investigated by the Colorado Attorney General for similar misconduct against Colorado, resulting in [Defendant] agent agreeing to settlements with affected homeowners" and that "[t]hese news events informed Plaintiff of the existence of his additional claims against [Defendant]." *Id.* at 12 ¶ 25. This is the extent to which Plaintiff makes any allegation in his proposed Second Amended Complaint [#35] that Defendant's actions impacted the general public. This allegation fails to identify the number of consumers directly affected, the relative sophistication and bargaining power of the affected consumers, and to provide evidence of previous or future impact. *See Rhino*, 62 P.3d at 149. It appears Plaintiff is asking the Court to infer from the existence of an Attorney General investigation that Defendant's loan practices impacted the general public. The Court finds that this inferred allegation of public harm by Plaintiff is insufficient to state a claim for which relief may be granted. *See Owens v. Nationstar Mortg. LLC*, No. 14-CV-01434-PAB-KLM, 2015 WL 1345536, at *4 (D. Colo.

Mar. 23, 2015) (holding a bare legal conclusion that the public was significantly harmed is a "conclusory allegation [which] is insufficient to state a claim for which relief may be granted").

The Court notes that Plaintiff has included additional information in the Reply [#41] in order to attempt to rebut Defendant's argument that he has not alleged harm to the general public. Plaintiff asks the Court to take judicial notice of an unrelated lawsuit against Defendant that he asserts demonstrates that Defendant was engaged in deceptive trade practices not only with him, but with the general public. *Reply* [#41] at 4. As proof of the lawsuit, Plaintiff attached an article to his Motion [#35] that was issued by the United States Consumer Financial Protection Bureau ("CFPB") on April 20, 2017, and contains a summary of a lawsuit filed by CFPB against Defendant in the United States District Court for the Southern District of Florida. *Id* at 9. The article reports that the CFPB filed suit against Defendant, alleging "widespread errors, shortcuts, and runarounds cost[ing] some borrowers money and others their homes." *Id.*

First, the Court addresses Plaintiff's request for judicial notice. The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Furthermore, the Court "may take judicial notice of filings in related cases." *Horton v. Davis*, No. 13-CV-01089-REB-NYW, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015), report and recommendation adopted sub nom. *Horton v. Fenlon*, No. 13-CV-01089-REB-NYW, 2016 WL 106488 (D. Colo. Jan. 11, 2016), judgment entered, No. 13-CV-01089-REB-NYW, 2016 WL 107184 (D. Colo. Jan. 11, 2016). "However, '[t]he documents may only be considered to show their contents, not

to prove the truth of the matters asserted therein.'" *Tal*, 453 F.3d at 1265 (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

The Court takes judicial notice of the existence of the court filings. However, the Court may only take judicial notice of the contents and existence of the lawsuit, and declines to take judicial notice as to the truth of the matters asserted therein. *Id.* As such, the mere mention of a lawsuit against the same Defendant, even if the lawsuit itself warrants judicial notice, does not establish the specificity of the impact on the general public required to sufficiently allege a CCPA claim.[2]

Therefore, the Court concludes that this claim would not ultimately survive a motion to dismiss and **recommends** that Plaintiff's Motion be denied with respect to his CCPA claim.

### 2. Fraud Claim

Next, in the proposed Second Amended Complaint [#35], Plaintiff changes the factual basis of his fraud claim from his First Amended Complaint [#28]. Plaintiff now alleges several instances where Defendant committed fraud through improper transfers, misrepresentation of late fees, misrepresentation of loan principle balances, and the creation of false loan fees. *Motion* [#35] at 13-14. Defendant, on the other hand, argues that Plaintiff: (1) fails to prove that the alleged misrepresentations were knowingly made by Defendant; (2) fails to meet the heightened Rule 9(b) pleading standard; and (3) fails to plead plausible damages and detrimental reliance. *Response* [#40] at 7-8.

---

[2] Considering that a CCPA claim requires Plaintiff to meet all five elements, and the Court has concluded Plaintiff fails to meet the public impact element, the Court declines to address Defendant's other argument with respect to the CCPA claim.

Plaintiff's fraud claim is subject to the requirements of Fed. R. Civ. P. 12(b)(6) and the heightened pleading standard under Rule (9)(b). To state a claim of fraud under Colorado law, Plaintiff must allege: "(1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom the representation is made of falsity; (4) representation made with intention that it be acted upon; [and] (5) representation resulting in damages." *Navigators Specialty Ins. Co. v. Beltman*, No. 11-cv-00715-RPM, 2012 WL 5378750, at *6 (D. Colo. Nov. 1, 2012) (quoting *Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987)).

Further, pursuant to Fed. R. Civ. P. 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (citations omitted).

Defendant argues that Plaintiff's proposed Second Amended Complaint "fails to comply with the heightened Rule 9(b) pleading standard" and that "[Plaintiff's] fraud claim consists of conclusory allegations unsupported by factual context." *Response* [#40] at 8. Specifically, Defendant argues that "[Plaintiff] merely alleges that [Defendant] 'communicated' information regarding his mortgage loan without identifying concrete dates that each alleged communication took place, who at [Defendant] made the alleged communication, or the means by which the alleged communication was transmitted." *Id.* at 9.

The Court finds Defendant's argument unavailing. When evaluating the 9(b)

heightened pleading standard, "courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's control." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (explaining that Rule 9(b)'s "normally rigorous particularity rule has been relaxed somewhere where the factual information is peculiarly within the defendant's knowledge or control")).  Additionally, in *George* the Tenth Circuit concluded that when a plaintiff argues some claims with more specificity than others, the Court may evaluate the allegations as a whole.  *Id.* at 1257.

Here, Plaintiff alleges several instances of fraud.  *Motion* [#35] at 12-16.  Specifically, Plaintiff's proposed Second Amended Complaint [#35] identifies several false representations of a material existing fact.  *Id.* at 13-16.  Plaintiff alleges fraudulent transfer of service rights, misrepresentations regarding past due payments, communication of a false loan balance, communication and issuance of false late payment charges, and issuance of false billing charges for services not performed and fees not accrued.  *Id.*  The Court recognizes that some of Plaintiff's allegations are stated with more specificity than others, but nevertheless, when evaluated as a whole, Plaintiff's proposed Second Amended Complaint contains several specific allegations of fraud.  *Id.*  Specifically, Plaintiff alleges that Defendant, on particular dates and in certain amounts, charged Plaintiff fees that were false representations of the amount Plaintiff actually owed Defendant.  *Id.*  Following the Tenth Circuit in *George*, requiring Plaintiff to specifically state who at the Defendant's business made the false billing charges would compel him to provide information that is exclusively in Defendant's control, particularly before any discovery has been conducted. *See George*, 833 F.3d 1242.  The Court finds that Plaintiff, to the best of his knowledge and

within the 9(b) pleading standard outlined in *George*, has stated with sufficient specificity a claim of fraud against Defendant. *See Id.*

Next, Defendant argues Plaintiff's "proposed Second Amended Complaint is devoid of any facts indicating that [Defendant] *knowingly* misrepresented any material information to him related to his mortgage loan." *Response* [#40] at 8. The Court finds Defendant's argument unpersuasive. Plaintiff specifically alleges that Defendant "misrepresented material facts, knowing that its representations were false." *Id.* at 13 ¶ 29. While this is admittedly a bare bones allegation, the Court finds it sufficient in light of the Rule 9(b) pleading standard where such information is in Defendant's control. *See George*, 833 F.3d 1242.

Lastly, Defendant argues that Plaintiff "has not pleaded any facts demonstrating detrimental reliance." *Response* [#40] at 10. At this stage in the matter, the Court finds that, when the facts are viewed in a light most favorable to Plaintiff, the allegations that he relied on the belief that "his payments were being properly applied or would later be applied" sufficiently states a claim that he detrimentally relied on Defendant's alleged fraud. *Motion* [#35] at 16 ¶ 32.[3]

Accordingly, the Court **recommends** that the proposed Second Amended Complaint [#35] be accepted with respect to Plaintiff's claim for fraud.

### III. Conclusion

---

[3] Defendant also argues that Plaintiff alleges a new, standalone claim for punitive damages which, as a standalone claim, is subject to dismissal. *Response* [#40] at 6-7. However, pursuant to Colorado's exemplary damages statute, a jury may award punitive damages in any civil action attended by circumstances of fraud, and as such, Plaintiff's prayer for punitive damages properly attaches to his fraud claim and is therefore, not subject to dismissal at this time. Colo. Rev. Stat. § 13-21-102(1)(a) (2017).

For the foregoing reasons, and considering that leave to amend should be freely given,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion [#35] be **GRANTED in part** and **DENIED in part**. The Court recommends granting the Motion in part to the extent that the proposed Second Amended Complaint be accepted for filing, and that the Second Claim for Relief (Fraud) proceed. The Court recommends denying the Motion in part with respect to the First Claim for Relief (CCPA).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 31, 2018          BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge